Filed 12/15/15  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063107 |
| v. | (Super.Ct.No. RIF136990) |
| MARIO MARTINEZ, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed with directions.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan J. Beale and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Mario Martinez appeals from an order denying in part his petition for resentencing under the Safe Neighborhoods and Schools Act of 2014 (Proposition 47) and Penal Code section 1170.18. He contends that Proposition 47 should be construed to provide postconviction relief for those convicted of any felony that would be punishable as a misdemeanor if committed after the passage of Proposition 47 and Penal Code section 1170.18. He further contends that his sentence for possession of methamphetamine should be stayed under Penal Code section 654. The People concede, and we agree, that the sentence for possession of methamphetamine should be stayed.

FACTS AND PROCEDURAL BACKGROUND

On May 19, 2015, we took judicial notice of our unpublished opinion in *People v. Martinez* (June 22, 2010, E046651). The underlying facts are taken from that opinion.

In May 2007, deputies stopped a vehicle in which defendant was a passenger because the month sticker was not identifiable on the license plate. While the vehicle was being pulled over, defendant leaned forward three or four times. The driver was subsequently arrested on a felony warrant and gave consent to search the vehicle. On the floor mat near defendant's feet, the deputies found a baggie containing 0.38 grams of methamphetamine.

In December 2007, a jury found defendant guilty of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)—count 1) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2). The trial court found true the allegations of four prior prison terms and two strike priors. The trial court

2

sentenced defendant to an aggregate term of 12 years in state prison, which included staying the sentence for count 2 under Penal Code section 654. The trial court thereafter struck a prior strike after finding, among other things, that the quantity of the controlled substance involved was quite small and that defendant's role in the offense was "rather minor."

In November 2014, defendant filed a petition under Penal Code section 1170.18 seeking modification of his sentence. The People conceded that defendant was entitled to resentencing on count 2 but contended he was not eligible as to count 1. The trial court reduced defendant's conviction for simple possession to a misdemeanor but denied his request to reduce his transportation conviction to a misdemeanor.

## DISCUSSION

**Standard of Review**

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

3

**Proposition 47 and Statutory Amendments**

On November 4, 2014, voters approved Proposition 47, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, Penal Code section 1170.18. Penal Code section 1170.18 creates a process through which qualified persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Specifically, Penal Code section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] that added this section . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

**Defendant's Conviction of Transportation of Methamphetamine**

A conviction of transportation of a controlled substance under Health and Safety Code section 11379, subdivision (a), is not an offense specifically addressed in Penal Code section 1170.18, subdivision (a). At the time of defendant's conviction, courts interpreted Health and Safety Code section 11379 as applying to transportation even for

4

personal use. (E.g., *People v. Emmal* (1998) 68 Cal.App.4th 1313, 1316-1317.) However, effective January 1, 2014, the statute was amended to add the requirement that the transportation be for sale: "For purposes of this section, 'transports' means to transport for sale." (Health & Saf. Code, § 11379, subd. (c).) Defendant argues that the conduct underlying his transportation conviction would today amount to a mere violation of Health and Safety Code section 11377, which *is* expressly covered by Proposition 47 and is designated as a misdemeanor.

Under long established principles, a statute lessening punishment is presumed to apply to all cases not yet reduced to final judgment when the statute becomes effective. (*In re Estrada* (1965) 63 Cal.2d 740, 744-748 (*Estrada*).) Defendant's conviction for transportation of methamphetamine under Health and Safety Code section 11379, subdivision (a), was final in 2010; the amendment to that statute changing the elements of the offense became effective on January 1, 2014.

Defendant's argument amounts to an attempt to interpret Proposition 47 in such a way as to provide retroactive relief not available under *Estrada*. However, as noted, Proposition 47 and Penal Code section 1170.18, subdivision (a), do not specifically list Health and Safety Code section 11379 as a crime to which misdemeanor sentencing now applies. The Legislature's inclusion of specific statutory sections, but not Health and Safety Code section 11379, shows the Legislature intended to exclude section 11379. Under the statutory interpretation canon *expressio unius est exclusio alterius*, the inclusion of one thing in a statute indicates exclusion of another thing not expressed in the statute. (*People v. Whitmer* (2014) 230 Cal.App.4th 906, 917-918.) Thus, when the

5

items expressed in a statute are members of an associated group or series, a conclusion is justified that items not mentioned were excluded by deliberate choice, not inadvertence. (*The Formula Inc. v. Superior Court* (2008) 168 Cal.App.4th 1455, 1463.)

For example, in *People v. Gray* (1979) 91 Cal.App.3d 545, 551, the court concluded that the legislative inclusion of only four crimes as exceptions to the sentence enhancement for great bodily injury in the commission of a felony (Pen. Code, § 12022.7) demonstrated the legislative intent to exclude other crimes, like attempted murder, from the list. When a statute lists specific exemptions, courts may not infer additional exemptions in the absence of a clear legislative intent that such exemptions are intended. (*Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195, superseded by statute on another ground as stated in *Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1107.) We therefore reject defendant's contention that his conviction of a violation of Health and Safety Code section 11379, subdivision (a), was eligible for resentencing.

Defendant further argues that just as in a proceeding under Penal Code section 1170.126, the underlying conduct should be examined to determine eligibility for resentencing under Penal Code section 1170.18. The required showing under Penal Code section 1170.18 is whether the petitioner "would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect *at the time of the offense*." (Pen. Code, § 1170.18, subd. (a).) If Proposition 47 had been in effect when defendant committed his offense in 2007, he would still be guilty of a felony not covered by Proposition 47

6

because the amendment to Health and Safety Code section 11379 did not go into effect until 2014.

**Stay of Sentence for Possession of Methamphetamine**

In resentencing defendant for his conviction of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), now designated a misdemeanor, the trial court imposed a concurrent term. Defendant's original felony sentence for that offense was stayed under Penal Code section 654. The People concede, and we agree, that the sentence for misdemeanor possession of methamphetamine should likewise be stayed.

DISPOSITION

The trial court is directed to issue an amended abstract of judgment and minute order reflecting that defendant's punishment for misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2) is stayed pursuant to Penal Code section 654, and to forward copies of the amended documents to the appropriate authorities. In all other respects, the order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.

MILLER
J.

7